Case 4:20-cv-01969   Document 1-4   Filed on 06/04/20 in TXSD   Page 1 of 7

5/6/2020 5:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42798636
By: Wanda Chambers
Filed: 5/6/2020 5:26 PM

Cause No. _____

| | | |
|---|---|---|
| **GLOBAL AUTO MOTORS, LLC,** | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| **ACCEPTANCE INDEMNITY** | § | |
| **INSURANCE COMPANY and IAT** | § | |
| **INSURANCE GROUP,** | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND REQUEST FOR DOCUMENTS

Plaintiff, **GLOBAL AUTO MOTORS, LLC**, by and through the undersigned attorney, files this its Original Petition, Request for Disclosure, and Requests for Documents against Defendants, **ACCEPTANCE INDEMNITY INSURANCE COMPANY and IAT INSURANCE GROUP,** and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleads that this suit is governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $100,000 but not more than $200,000. Tex. R. Civ. P. 47(c)(3).

### PARTIES

3. Plaintiff, GLOBAL AUTO MOTORS, LLC (hereinafter "Plaintiff" or "Global"), is a domestic limited liability company.

4. Defendant Acceptance Indemnity Insurance Company (hereinafter "Defendant" or "Acceptance"), a foreign insurance carrier, 702 Oberlin Rd, Raleigh, NC 27605-0800, issued a policy in Texas, can be served with process by serving the Texas Commissioner of Insurance at Texas Department of Insurance, 333 Guadalupe, Rm 103, Austin, Texas 78701 because Defendant failed to maintain an agent for service of process or no longer had a valid certificate of authority.

5. Defendant IAT Insurance Group (hereinafter "Defendant" or "IAT"), a foreign entity engaged in the insurance business in Texas, has a business address of 1314 Douglas St, Ste 1600, Omaha, NE 68102, can be served with process by serving the Texas Commissioner of Insurance at Texas Department of Insurance, 333 Guadalupe, Rm 103, Austin, Texas 78701 because Defendant failed to maintain an agent for service of process.

## JURISDICTION

6. The Court has subject-matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## VENUE

7. Venue is proper in this county under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in this County.

## FACTS

8. At all relevant times, Plaintiff's vehicle was covered by the collision and comprehensive coverages of an insurance policy issued by Acceptance Indemnity Insurance Company and administered by IAT Insurance Group. The policy was assigned the number CG00168704.

9. On or about December 28, 2017, the covered vehicle was involved in an accident in which it was damages. A claim was filed against the policy and was assigned the claim number 168704375070.

10. On or about February 16, 2018, IAT issued a partial payment towards the claim. On or about June 4, 2020, after acknowledging that additional payments were owed on the claim, IAT's agent stated that he did not know what to do with the claim. Despite repeated promises to make additional payments or otherwise resolve the claim, no payment or denial has been received by Plaintiff.

11. A copy of a letter related to the claim at issue dated February 13, 2018 from IAT Insurance Group is attached hereto and is hereby incorporated by reference.

## CLAIMS

Certified Document Number: 90479245 - Page 2 of 6

12. Acceptance's and IAT's actions constitute breach of contract, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act.

## Breach of Contract

13. At all relevant times, there was an active insurance policy to cover Plaintiff's vehicle. After the accident occurred, Plaintiff complied with all requirements of the insurance contract. As required by the insurance contract, the accident was reported in a timely manner.

14. Defendants breached the contract failing to make payments owed under the contract.

## Unfair Insurance Settlement Practices- Failure to Effectuate a Prompt, Fair, and Equitable Settlement

15. Defendants engaged in the following prohibited behaviors in the course of processing this claim. Pursuant to Section 541.060(a)(2) of the Texas Insurance Code, it is a violation to fail to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

16. Although it was reasonably clear from all the evidence that Plaintiff suffered a loss in excess of the amount paid by Defendants, Defendants refused to make any additional payments on the claim and failed to issue a prompt denial.

## Violation of the Texas Deceptive Trade Practice Act- Violation of Chapter 541 Insurance Code

17. Pursuant Texas Business and Commerce Code Sec. 17.50(a) ("DTPA"), "[a] consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish… the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code". Plaintiff has assets of less than $25 million and is not owned by an entity with more than $25 million in assets.

18. As detailed above, Defendants, while processing the claim, violated Sections 541.060(a)(1) to (4) of the Texas Insurance Code. Therefore, Plaintiff is entitled to bring his claims under the DTPA.

Certified Document Number: 90479245 - Page 3 of 6

**Relief Requested**.

*Cost of Repair*.

19. The accident at issue resulted in physical damage to Plaintiff's vehicle in excess of $46,000.

**Attorney Fees.**

20. Plaintiff has incurred, and will continue to incur, legal fees in the prosecution of this matter. Plaintiff seeks reasonable and necessary attorney fees as authorized by Texas Business and Commerce Code Section 17.50(d) and the Texas Insurance Code Section 542.060.

*Statutory Damages*.

21. Plaintiff seeks treble damages as authorized by Texas Business and Commerce Code Section 17.50(b)(1). In addition, Plaintiff seeks all damages authorized by Texas Insurance Code Sec. 542.060

## CONDITIONS PRECEDENT

22. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred. Plaintiff either gave proper notice or giving notice was rendered impracticable by the impending statute of limitations.

## REQUEST FOR DISCLOSURE

23. Under Texas Rule of Civil Procedure 194, Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## REQUEST FOR DOCUMENTS

24. Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant is requested to produce, within 50 days of the service of this request, the following documents.

25. REQUEST 1: Produce all documents related to insurance claim number 168704375070, including all video recordings, audio recordings, photographs, witness statements, statements by Plaintiff, reports, estimates, and file notes.

26. REQUEST 2: Produce a copy of the insurance policy (No. CG001687046) that was in effect at the time of the incident at issue in this case.

## PRAYER FOR RELIEF

27. For these reasons, Plaintiff asks that Defendants be cited to appear and answer. In addition, Plaintiff asks to court to render judgment in its favor and award the following damages:
    a. Actual damages.
    b. Economic damages.
    c. Prejudgment and postjudgment interest.
    d. Statutory damages and interest pursuant to the Texas Deceptive Trade Practices Act and the Texas Insurance Code.
    e. Court costs.
    f. Attorney fees.
    g. All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Leroy Scott
Leroy B. Scott, Ph.D.
Texas Bar No. 24083824

Scott Law, PLLC
5100 Westheimer Road Ste 200
Houston, Texas 77056

Mailing Address:
PO Box 420453
Houston, TX 77242-0453

Tel (713) 588-4416
Fax (713) 583-1158
Email: lscott@scottesq.com

ATTORNEY FOR PLAINTIFF



1314 Douglas Street, Suite 1600 | Omaha, NE 68102 | (T) 866.576.7971 | (F): 402.342.0097

February 13, 2018

Global Auto Motors LLC
DBA: Global Motor Cars
10603 Stancliff Road
Houston, TX 77099

RE:  Claim No.:      168704375070
     Policy No.:     CG00168704
     Insured:        Global Auto Motors LLC
     Date of Loss:   12/28/2017
     Claimant:       Global Auto Motors LLC

Dear Global Auto Motors LLC:

Acceptance Indemnity Insurance Company acknowledges receipt of the above referenced claim, arising out of an incident that occurred on or about December 28, 2017 at or near 10603 Standiff Road in Houston, TX. We received notice of this claim from you and are currently investigating the loss for potential benefits under your policy of insurance.

Global Auto Motors LLC was issued a policy of insurance, policy number CG00168704 by Acceptance Indemnity Insurance Company with a policy period of June 2, 2017 to June 2, 2019. The policy provides the following benefits that may apply to the claim presented:

Liability Coverage Limit:        $300,000
Liability Deductible:            $250
Physical Damage Coverage Limit:  $275,000
Physical Damage Deductible:      $1,000

We are currently reviewing this claim for benefits under your policy of insurance. To assist us, please forward the following:

- Copy of the front and back of the title of the insured vehicle.
- Bill of sale/purchase order from when you acquired the vehicle.

If you have any questions or wish to discuss your claim, please contact me at 402-280-9145. My immediate supervisor, Dawn Detrie, can be reached at 402-280-6094 or dawn.detrie@iatinsurance.com

Sincerely,

Tom Frankenfield
Acceptance Indemnity Insurance Company
A Member of IAT Insurance Group



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 3, 2020

Certified Document Number:        90479245 Total Pages:  6

*Marilyn Burgess signature*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**